ROBERT FOWLER

*v.*

WILLIAM L. PEARCE.

PRINCIPAL AND AGENT—*ratification.* Where a person in possession of the property of another, without the knowledge and consent of the owner, exchanges the same for other property and gives his individual note for the difference, and without disclosing the fact of ownership in another at the time of making the exchange, and afterward the owner receives the property so taken in exchange, thereby ratifying the act of such person as his agent; and the payee of the note, after learning the fact that such person acted as agent in the transaction, fails to notify the principal that he should look to him for the payment of the note, until after the principal has settled with the agent, and in such settlement had paid the agent the amount which he had given his individual obligation to pay; *Held,* that the principal was thereby discharged from any liability to the payee of the note.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Messrs. Spafford & McDaid, for the appellant.

Mr. George G. Bellows, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It appears, that some time in May, 1867, appellee exchanged a team of horses with Rufus W. May, for a horse which May had in his possession, and for the difference in the trade, May gave his individual note for two hundred dollars. It also appears that the horse May gave in exchange for the others, belonged to the appellant, but May does not seem to have disclosed that fact at the time the exchange was made. Appellant seems to have been absent in New York when the trade was made, but was informed of it by May, on his return, and that May had given his individual note for the difference, and May claimed an interest in the horses received in exchange, to the extent of the $200.

Appellant denies that May was his agent, or had any authority to act for him. Some time after the note became due, appellee called on appellant, and enquired for May, and appellant testifies that appellee stated he held a note against May, and wanted the money, but did not demand or ask pay from appellant. That sometime afterwards, in the month of September, after appellant had settled with May in relation to the horses, appellee demanded payment of the note from appellant. Appellee swears that he, at the first interview, told appellant he should look to him to pay the note; May swears that appellee called on him to pay the note. It appears, after the time when appellant testifies that he settled with May, appellee demanded payment of the note from appellant, and upon his refusal, brought this suit to recover that amount from appellant.

On the trial the court below gave this, among other instructions:

"3. If the jury believe, from the evidence, that the witness, May, by authority of defendant, made an exchange of horses with the plaintiff, for the defendant, and agreed to pay $200 as the difference of the exchange, and afterwards the defendant received the horses, with knowledge of the whole transaction, it was a ratification of the act of May, and the defendant would be liable to the plaintiff for the $200 so agreed to be given."

There was evidence tending to prove that appellant had settled with May before this suit was commenced, and he claims it was made without being notified that appellee looked to him for the payment of the $200. If this was true, and that was a question that should have been submitted to the jury, then appellant would not be liable for its payment. If they believed May had paid appellee the $200, and allowed him that amount in their settlement, without notice that appellee looked to him for its payment, there can be no reason for holding him liable to appellee. This instruction ignored this view of the case, and to that extent it was erroneous, and should not have been given without modification. On that question the evidence was conflicting, and the jury should have been left to settle it under proper instructions. This instruction may have mislead the jury in their finding, and for that reason the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*